PUBLIC EMPLOYEES RETIREMENT SYSTEM — OMISSION OF ELIGIBLE EMPLOYEE An eligible employee omitted from the Retirement System whether purposely or inadvertently may become a member by submitting all required contributions plus a rate of interest to be determined by the Board in order to make the Retirement Fund accurately sound. Where an employer might be legally prohibited from paying the employer's contribution from another fiscal year's monies and no current appropriation is made for that purpose by the Legislature, the employee may become a member by contributing all monies which he might have been required to contribute and receive a retirement benefit equivalent to the ratio of his contribution to that which would have been required for the regular retirement benefit. An employee already eligible for retirement may become a member of the System and receive a retirement benefit by following the same procedures as outlined above in making all contributions necessary plus interest to make the Retirement Fund accurately sound. The Attorney General is in receipt of your letter requesting an opinion on the following questions: "1. We respectfully request your opinion as to whether an eligible Employee, who was not enrolled as a member in the Retirement System when first eligible, whether omitted purposely or inadvertently by his Employer, and consequently no contributions have ever been remitted to the System in such Employee's behalf, may become a member at the time this fact is disclosed to the Retirement System by payment of all retroactive contributions due from the Employee's eligibility date? "2. If the answer is affirmative, may the Board of Trustees determine a reasonable amount of interest be paid on the retroactive contributions, since these monies would have been earning interest each month ? "3. If the Employer is legally prohibited from paying the Employer contributions from another fiscal year's monies, what action, if any, may be taken by the Board of Trustees? "4. If the Employee is already eligible for retirement (disability, early or normal) at the time this omission is revealed, is he eligible for membership by complying with said payback ?" With reference to your first and second questions, several statutes must be examined concerning the State Employees Retirement System. Title 74 O.S. 902 [74-902] (1971) (as amended by Section 1 Ch. 207, O.S.L. 1976) contains several definitions pertinent to your inquiry. 74 O.S. 902 [74-902](14) (as amended by Section 1, Ch. 207, O.S.L. 1976) provides in part as follows: "'Eligible employer,' the State of Oklahoma and any county, county hospital, city or town, and any public or private trust in which a city or town participates and is the primary beneficiary is to be an eligible employer for the purpose of this act only, whose employees are covered by Social Security and are not covered by or eligible for another retirement plan authorized under the laws of the State of Oklahoma which is in operation on the initial entry date. Provided affiliation by a county hospital shall be in the form of a resolution adopted by the Board of Control. . . ." 74 O.S. 902 [74-902](25) (as amended by Section 1, Ch. 207, O.S.L. 1976), states as follows: "'Participating employer,' an eligible employer who has agreed to make contributions to the System on behalf of its employees;" (Emphasis added) Thus it can be seen that an "eligible employer" who takes the appropriate steps to become a part of the Retirement System will become a "participating employer" by agreeing to make the contributions to the System on behalf of its employees. With reference to the State of Oklahoma and its agencies, 74 O.S. 910 [74-910](2) (1971) (as amended by Section 2, Ch. 207, O.S.L. 1976) provides as follows: "The State of Oklahoma, in its capacity as an eligible employer shall become a participating employer on the first entry date and thereafter on the entry date immediately following the creation of any state agency not now in existence." (Emphasis added) It is clear, therefore, that the State of Oklahoma and its agencies that existed at the time the Oklahoma Public Employees Retirement System came into existence and all those agencies created thereafter, became eligible employers and participating employers as provided in this section. All state agencies therefore have agreed by statutory mandate to pay contributions on behalf of their eligible employees. As to other entities under 74 O.S. 902 [74-902](14) who are or may become eligible employers no formal agreement to contribute is required as stated in Oklahoma Public Employees Retirement System v. Nelson, 421 P.2d 221, 226, where the Court stated in part as follows with reference to the Retirement Act: ". . . Nowhere in the Act do we find that a county, or any other employer, under the Act, must enter into an 'agreement to contribute' as a prerequisite to coming under the Act. By this we do not mean to imply that a county, after electing to come under the Act, does not have to take further administrative steps, within its own administrative organization, to make funds available as its contribution to the System . . . ." If any doubt remains as to the duty of an "eligible employer" who becomes a "participating employer" to pay the employer's contribution to the Retirement Fund, this doubt is removed by 74 O.S. 920 [74-920](4)(5) (1975). "(4) Each other participating employer shall appropriate and pay to the System a sum sufficient to satisfy the obligation under this section as certified by the Board. "(5) Each participating employer is hereby authorized to pay the employer's contribution from the same fund that the compensation for which said contribution is made is paid from or from any other funds available to it for such purpose." To determine for which employees, if not all, the contributions of the employer must be made, we must turn to other sections of the statutes. Title 74 O.S. 902 [74-902](15) (1971) (as amended by Section 1, Ch. 207, O.S.L. 1976) provides in part as follows: "'Employee,' any officer or employee of a participating employer, whose employment is not seasonal or temporary and whose employment requires at least one thousand (1,000) hours of work per year and whose salary or wages is at least Ninety Dollars ($90.00) per month or a salary established by statute to be more than Ninety Dollars ($90.00) per month, . . ." The above-quoted section defines with certain exceptions not quoted, those employees which will qualify to be a member of the Retirement System. Those employees coming within the definition have no options in regard to joining the System. Title 74 O.S. 911 [74-911](1) (1971) provides as follows: "Employee members. — (1) Any employee of a participating employer on the entry date of such employer shall be a member of the system on the entry date." This section is further strengthened by the language contained in 74 O.S. 925 [74-925] (1971) which provides as follows: "Membership as condition of employment. — All employees of participating employers who are eligible or may hereafter become eligible to be members of the system as provided by this act shall, as a condition of continuing employment or as a condition of obtaining employment with a participating employer, become members of the system." Thus it can be clearly seen that the Employees Retirement System as provided by law is mandatory to membership as to eligible employers and employees both of which must make appropriate contributions. However, to complete the membership in the System an employee must be making the required contribution. Title 74 O.S. 902 [74-902](22) (1971) (as amended by Section 1, Ch. 207, O.S.L. 1976) provides as follows: "'Member,' an eligible employee who is in the system and is making the required employee contributions, or any former employee who shall have made the required contributions to the system and shall have not received a refund ;" (Emphasis added) Thus it can be seen that an eligible employee must become a member of the System and make the required contributions to the Retirement System as a condition of employment. Where the conditions existing as outlined in your Question No. 1 exist, the result is of course an obvious violation of a statutory duty on behalf of both the employer and the employee. The action available to the Board of Trustees however may depend upon the status of the employee at the time it becomes known to the Board. Thus where it is made known to the Board of Trustees that a former employee was for some period of time eligible to become a member of the System but was not enrolled by the employer as a member and thus no contributions from either employer or employee were received, the Board of Trustees may accept all contributions which would have been required of the employer and the employee during the period of employment by the employee. The amounts of money which would be required would of course be determined by the payroll deduction required in 74 O.S. 919 [74-919] as it may have been from time to time amended and the employer's contribution would similarly be determined by 74 O.S. 920 [74-920] as it has been amended from time to time. Thus, where a former employee who may for example have worked 10 or more years so as to avail himself of the right of a vested benefit wishes to avail himself of that benefit, he must first secure and present for payment to the Board of Trustees all contributions which he would have made under the law during his employment and the Board of Trustees must also receive from his employer all contributions which similarly would have been made to the System during his employment. The sums required of both employer and employee would also be increased above the exact contribution by a rate of interest not to exceed that earned by other investments of the Fund pursuant to 74 O.S. 921 [74-921] (1971) in order that the Fund be accurately sound. An analogous situation was considered in 1 Okl.Op.A.G. 350 (Opinion No. 68-365) wherein the authority of the Board of Trustees to require contributions for actuarial soundness was affirmed, the opinion stating in part as follows: ". . . An individual who has satisfied the first two requirements of the statute but has not contributed sufficient funds to the retirement system, as determined by its Board of Trustees, for the minimum benefits can be required by such Board of Trustees to make additional contributions to such fund, as calculated by the System's Actuary, in order to qualify for the minimum retirement benefits provided for in 74 O.S. 913 [74-913](d) (1968), supra. This would prevent the benefits from becoming a gratuitous pension with the majority of the funds coming from money contributed by other parties." Although this opinion considered a different statute, the reasoning is sound as applied to the facts outlined in Your question. In order to prohibit a pension system which is mandatory from becoming a gift, it must be adequately funded and a violation of a mandatory duty to contribute must include a reasonable rate of interest which that money would have earned when said contribution is made at a time later than that contemplated by the law. The second circumstance in which the Board of Trustees may find itself is where an eligible employee is currently on the payroll but who has for a period of time not contributed to the System nor has his employer. For this employee the Board of Trustees may determine a reasonable length of time within which an employee and his employer must contribute the appropriate sums which were not paid plus the interest determined necessary to keep the Fund accurately sound. Failure to meet this time limit by the employee or employer would then cause the employee's continued employment to be unlawful as provided in 74 O.S. 925 [74-925] (1971). Further, the employer must immediately place the employee into the System and make the contributions required by law from the next payroll period. Your third question asks if the employer is legally prohibited from paying the employer contributions from another fiscal year's monies, what action, if any, may be taken by the Board of Trustees. Reference to this question apparently involves anticipated problems in using a current year's fiscal appropriation for payment of previous years employer's contributions where an eligible employee has been omitted from the Retirement System. If it be determined that any participating employer is limited by a constitutional provision from making payments for previous fiscal year contributions, and no current lawful appropriation is made for that purpose, then the employee, upon paying the contributions which he was required to make plus the appropriate amount of interest, would be entitled to receive a retirement benefit equal to a percentage of the benefit he would have been entitled to if all contributions from both employer and employee had been received plus interest. Such percentage is to be determined by establishing the percent of that total figure actually received. In your fourth question you ask if the employee is already eligible for retirement (disability, early or normal) at the time this omission is revealed, is he eligible for membership by complying with said payback ? In the situation above indicated, a former or current employee otherwise eligible to retire under the System may retire under the circumstances outlined in the previous discussions if all contributions plus interest are submitted to the Retirement System or if only partial payment is made then a pro rata benefit would be appropriate. It is, therefore, the opinion of the Attorney General that Questions 1 and 2 be answered as follows: An eligible employee omitted from the Retirement System whether purposely or inadvertently may become a member by submitting all required contributions plus a rate of interest to be determined by the Board in order to make the Retirement Fund accurately sound. It is further the opinion of the Attorney General that your Question 3 be answered as follows: Where an employer might be legally prohibited from paying the employer's contribution from ***NOTE*** (In error, the publication from the Attorney General's Office cut off the printing of this opinion (76-303) at this point.) (ksg) ** SEE: OPINION NO. 95-095 (1995) ** ** SEE: OPINION NO. 78-174 (1978) **